UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JEROME ROTHSTEIN,**

    **Plaintiff,**

v.                                                     Case No.  8:05-cv-1126-T-30MSS

**DAIMLERCHRYSLER CORP.,**

    **Defendant.**
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (Dkt. # 23) and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt. # 37).  The Court, having considered the motion and response, and being otherwise fully advised, finds that the motion should be granted in part and denied in part..

### FACTUAL AND LEGAL BACKGROUND

    Plaintiff has brought this action on behalf of himself and all others similarly situated, alleging that Defendant DaimlerChrysler Corporation ("DCC") manufactured and sold model year 1999-2004 Jeep Grand Cherokees with defective rotor/caliper front brake assemblies. Plaintiff's four count amended complaint asserts causes of action for breach of express warranty (count I), violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (count II), breach of contract (count III), and declaratory relief (count IV).

    Defendant has moved to dismiss the amended complaint on the grounds that (1) the Amended Complaint fails to state a claim because it merely constitutes allegations of

disappointed expectations; (2) Plaintiff's claims are barred by the voluntary payment doctrine; (3) Plaintiff's breach of express warranty claim fails because the warranty had expired; (4) Plaintiff fails to allege sufficient facts to establish a violation of FDUTPA, and (5) Plaintiff's claim for declaratory relief fails because there is no irreparable injury or inadequate remedy at law.

## MOTION TO DISMISS STANDARD

The appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996).  The Court must view the complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheauer v. Rhodes, 416 U.S. 232 (1974).

Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas District, 992 F.2d 1171, 1174 (11th Cir. 1993); Hunt v. American Bank & Trust Co., 783 F.2d 1011, 1013 (11th Cir. 1986).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir.1983) (citations omitted).

# MOTION TO DISMISS

**I.    Breach of Express Warranty**

DCC argues that Plaintiff's claim for breach of express warranty fails because the express warranty had expired. The warranty that accompanied Plaintiff's 2003 Jeep Grand Cherokee stated, in part:

**E.    When It Ends**

The Basic Limited Warranty lasts for 36 months from the date it begins or for 36,000 miles on the odometer, whichever occurs first. But the following items are covered only for 12 months or for 12,000 miles on the odometer, whichever occurs first:

- brakes (rotors, pads, linings, and drums);
- wiper blades;
- clutch discs; and
- windshield and rear window

DCC asserts that the warranty had expired when the Plaintiff's brake rotors were "turned" for no charge at 14,402 miles, and when Plaintiff paid to replace the rotors at 27,762 miles.

Plaintiff argues that the repairs were covered under the 36 month/36,000 mile portion of the warranty because he alleges that the caliper/rotor brake assembly was defective and that the calipers were not identified in the 12 month/12,000 mile exception to the 36 month/36,000 mile warranty. Plaintiff alleges that the calipers were defectively designed in such a way that they improperly intersected with the rotors, leading to premature rotor failure. Plaintiff also asserts that he is not just seeking reimbursement for the cost of replacing the rotors, rather he is seeking to have the entire caliper/rotor brake assembly replaced.

The Court finds that Defendant's motion to dismiss Count I should be denied. At this stage in the litigation, the Court must view the complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. Plaintiff has alleged in the Complaint that the entire front brake assembly, not just the rotors, is defective. Therefore, Plaintiff's claims are not clearly outside the scope of the express warranty. If it is ultimately determined that the rotors on Plaintiff's vehicle were the only defective part, then Defendant may renew its defense in a motion for summary judgment.

## II.    FDUTPA

Plaintiff alleges in Count II that DCC, through the use of false or deceptive statements and intentional material omissions, misrepresented and concealed the fact that the front brake assemblies on the Jeep Grand Cherokees were defective. Plaintiff alleges that DCC's actions violated Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.201 *et seq*.

DCC asserts that its conduct cannot be considered "deceptive" or "unfair" because the express warranty implicitly informed Plaintiff that the braking components in his vehicle could fail at any time and that it did not promise Plaintiff that the braking system would last for a set number of miles.

However, DCC's argument ignores Plaintiff's allegation that DCC knew the braking system was defective at the time of sale and concealed that fact from Plaintiff. The Florida Supreme Court has held that "deception" occurs if there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the

consumer's detriment." PNR, Inc. v. Beacon Prop. Mgmt. Inc., 842 So2d, 773, 777 (Fla. 2003). Additionally, the Fifth District Court of Appeal has held that a plaintiff's claim that an automobile manufacturer sold a vehicle containing seatbelts that the manufacturer knew or should have known were defective stated a cause of action under FDUPTA. Collins v. DaimlerChrysler Corp., 894 So.2d 988, 989-990 (Fla. 5th DCA 2004). Therefore, DCC's motion to dismiss Plaintiff's FDUPTA claim is denied.

### III.   Breach of Contract

Count III of the Amended Complaint alleges that Plaintiff and the class members have entered into certain contracts and warranty agreements with DCC. Plaintiff further alleges that pursuant to these contract and agreements, DCC would provide Jeep Grand Cherokees that were in proper working order and that were fit for their intended purpose and that DCC was obligated to any defects or problems with the vehicles. The Amended Complaint alleges that DCC violated these contracts and agreements by providing vehicles with defective front brake assemblies and that DCC failed to repair the defects.

After reviewing the Amended Complaint, the Court is unable to discern what exact contracts and warranty agreements to which Plaintiff is referring. It is unclear whether Plaintiff is attempting to allege a breach of an express contract, such as the contract of sale or an expressed warranty, or whether Plaintiff is attempting to bring a claim under an implied warranty theory, such as an implied warranty of merchantability or implied warranty of fitness. Accordingly, the Court finds that Count III should be dismissed without prejudice and Plaintiff given fifteen (15) days to amend the complaint in order to clarify these claims.

**IV.     Declaratory Relief**

Count IV of Plaintiff's Complaint seeks a declaratory judgment that the repairs necessary to correct the front braking system are covered under the express warranty. Defendant argues that Plaintiff has failed to establish that he is entitled to declaratory relief because he has an adequate remedy at law and because he does not face irreparable harm. The Court finds that Plaintiff is entitled to a declaratory judgment pursuant to Federal Rule of Civil Procedure 57. This question must eventually be answered with regard to Plaintiff's claim under the limited warranty.

**V.     Voluntary Payment Doctrine**

Finally, DCC argues that the voluntary payment doctrine bars Plaintiff's claims. Under the voluntary payment doctrine, "where one makes a payment of any sum under a claim of right with knowledge of the facts, such a payment is voluntary and cannot be recovered." City of Miami v. Keton, 115 So.2d 547, 551 (Fla. 1959). DCC cites no authority applying the voluntary payment doctrine to a warranty or defective product case.[1]

The Court does not agree that the voluntary payment doctrine bars an action by a consumer who pays to repair an item covered by a warranty when the warrantor has refused to pay to correct the problem. As Plaintiff points out, DCC's position would force consumers to either (1) continue to drive a vehicle in an unsafe condition for the duration of a legal action, or (2) abandon the vehicle and forego use of the vehicle during the duration of

---

[1] The Court notes that DCC's argument appears to be an affirmative defense that is not properly considered on a motion to dismiss.

litigation. Permitting DCC to force consumers into such a choice would eviscerate the express warranty.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Amended Complaint (Dkt. # 23) is GRANTED IN PART AND DENIED IN PART as stated herein.

2. Plaintiff may file a second amended complaint within fifteen (15) days of the date of this Order.

3. If Plaintiff does not timely file a second amended complaint, Defendant shall file an answer to the Amended Complaint within twenty-five (25) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1126.mtd.wpd